J-S20031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE MICHAEL GILLMEN, | |
| Appellant | No. 1253 WDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
in the Court of Common Pleas of Jefferson County
Criminal Division at Nos.: CP-33-CR-0000008-2015
CP-33-CR-0000118-2015

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 10, 2016**

Appellant, Shane Michael Gillmen, appeals from the judgment of sentence imposed July 1, 2015, following revocation of his probation. Appellant's counsel seeks to withdraw from representation pursuant to **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

We take the following facts from the trial court's opinion and our independent review of the certified record.  On May 6, 2015, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

pleaded guilty to one count of corruption of minors,[1] a misdemeanor of the first degree, and was sentenced to two years of probation.

On May 20, 2015, after a *Gagnon II*[2] hearing, during which Appellant admitted to violating the conditions of his probation by having contact with his victim, the trial court ordered that Appellant's probation remain intact. (*See* Order, 5/22/15). On June 3, 2015, at a second *Gagnon II* hearing, Appellant again admitted to violating his probation. The trial court ordered that he remain in Jefferson County Jail pending completion of a Pre-Sentence Investigation Report (PSI). On June 17, 2015, with the benefit of the PSI, the trial court revoked Appellant's probation and sentenced him to not less than eleven and one-half months' nor more than twenty-three months' incarceration in Jefferson County Jail, followed by three years of probation, a split sentence.

On July 1, 2015, after a third *Gagnon II* hearing, during which Appellant again admitted to having contact with his victim's family, the trial court revoked his split-sentence and sentenced him to serve a term of imprisonment of not less than two and one-half nor more than five years in a state correctional facility. On July 30, 2015, counsel filed a motion seeking

_____

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

permission to file a request for reconsideration of sentence *nunc pro tunc*, which the court denied that same day.

Appellant also filed a timely notice of appeal on July 30, 2015. He filed his statement of errors complained of on appeal on August 11, 2015, pursuant to the trial court's order. **See** Pa.R.A.P. 1925(b). The trial court entered its opinion on September 25, 2015. **See** Pa.R.A.P. 1925(a).

On March 3, 2016, we entered a memorandum remanding this case back to the trial court for Appellant's counsel to file either a properly developed merits brief or a petition to withdraw in compliance with **Anders** and **Santiago**. On April 28, 2016, Appellant's counsel filed a motion to withdraw from representation, explaining that after reviewing the record in this case, and considering Appellant's allegations, there "is no merit whatsoever to any of the issues raised or which could be raised by [A]ppellant, and that continued prosecution of the instant appeal is wholly frivolous." (Motion to Withdraw, 4/28/16, at unnumbered pages 1-2).

Counsel's motion further avers that he filed an **Anders** brief and served a "complete copy of that brief and the present motion to withdraw . . . on [A]ppellant on December 23, 2015, along with a letter advising him of his right to retain new counsel or raise with this Honorable Court any points which he deems worthy of consideration." (**Id.** at unnumbered page 2; **see** letter to Appellant, 12/23/15).

Before reaching the merits of the issue raised in the **Anders** brief, we address counsel's motion to withdraw. **See Commonwealth v. Garang**, 9

A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citations omitted).

To withdraw pursuant to **Anders**, counsel must: 1) petition the court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of the right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **See id.** Thereafter, this Court independently reviews the record and issues. **See id.**

Here, on review, we conclude that counsel has substantially complied with **Anders**, **supra**, and **Santiago**, **supra** (holding counsel must state reasons for concluding that appeal is frivolous). Counsel has also substantially complied with **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005), by providing a copy of the notice letter advising Appellant of his rights. Therefore, we will undertake our own independent review of the appeal to determine if it is wholly frivolous.

In the **Anders** brief, Appellant's counsel presents one issue that might arguably support an appeal:

(1) Whether the trial court abused its discretion when it revoked Appellant's split-sentence and re-sentenced him to serve a sentence of incarceration in a State Correctional Institution for a minimum of two and one-half (2 ½) years to a maximum of five

(5) years with credit for time served for [A]ppellant's violation of probation/parole/supervision[?]

(***Anders*** Brief, at 4).

Appellant's issue challenges the discretionary aspects of his sentence imposed following the revocation of his probation. This Court has recognized that its scope of review includes the discretionary aspects of a sentence following revocation of probation, yet there is no automatic right to appeal such sentence. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*); ***Commonwealth v. Pass***, 914 A.2d 442, 445-46 (Pa. Super. 2006). However, an appeal is more appropriately considered a petition for allowance of appeal, which may be considered on its merits if an appellant preserves his issue by raising it during the sentencing hearing or in a post-sentence motion, and complies with the requirements of Pa.R.A.P. 2119(f), by setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence . . . [and] show[ing] that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Pass***, ***supra*** at 446 (citation omitted); ***see id.*** at 446 n.8.

Notably, "[t]o preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted) (finding challenge to discretionary aspect of sentence following revocation of

probation waived where appellant did not file post-sentence motion or raise issue before court at sentencing hearing); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here the trial court imposed Appellant's sentence on July 1, 2015, hence the deadline for filing a timely post-sentence motion was July 11, 2015.  *See* Pa.R.Crim.P. 720(A)(1) ("[A] written post-sentence motion shall be filed no later than [ten] days after imposition of sentence.").  On July 30, 2015, Appellant filed a request for permission to file his motion to reconsider sentence *nunc pro tunc*, which the trial court denied.  Accordingly, he did not file a timely post-sentence motion challenging the discretionary aspects of his sentence, and thus has waived his claim.  *See Malovich*, *supra* at 1251; Pa.R.A.P. 302(a).  "Nonetheless, *Anders* requires that we examine the issues to determine their merit. Therefore, in order to rule upon counsel's request to withdraw, we must examine the merits of the issue Appellant seeks to raise."  *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001); *see Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) ("Nevertheless, in light of [c]ounsel's petition to withdraw, we address [a]ppellant's contention.") (citation omitted).

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled:  "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence

of an error of law or an abuse of discretion." ***Commonwealth v. Colon,*** 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citation omitted). Additionally, "upon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted).

Here, the record reveals that during his ***Gagnon II*** hearing on July 1, 2015, Appellant admitted that he violated his probation several times by contacting his victim and her family. (***See*** N.T. Hearing, 7/01/15, at 3). The trial court then re-sentenced Appellant to a term of not less than two and one-half nor more than five years of incarceration. (***See id.*** at 5). In its opinion, the trial court explained that it considered that this was the third time Appellant had violated his probation by having contact with his victim, and that he had been warned by the court and probation officer about his contact. (***See*** Trial Ct. Op., at 1-2). The court also noted that "[i]n addition to considering the circumstances and continuing nature of [Appellant's] violations, [it] was also in possession of the [PSI] it had ordered on June 3, 2015[,] and was thus fully cognizant of all relevant sentencing considerations, including [Appellant's] personal history." (***Id.*** at 2). Furthermore, we note that the sentence imposed was below the maximum sentence that the court could have imposed at Appellant's initial sentencing. ***See Infante***, ***supra*** at 365.

Therefore, upon review, we discern no error of law or abuse of discretion. *See Colon*, *supra* at 1041; *Infante*, *supra* at 365. Accordingly, Appellant's issue does not merit relief. Furthermore, after our independent review of the record as required by *Anders* and *Santiago*, we conclude that no non-frivolous issues exist.

Motion to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/10/2016